OPINION
Defendant-appellant John W. Novak appeals the June 25, 2001 Judgment Entry of the Ashland County Municipal Court which found him guilty of speeding, in violation of R.C. 4511.21(D)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 7, 2001, Officer Lewis Finsen of the Ohio State Patrol, cited appellant for speeding. Appellant was operating a commercial tractor-trailer southbound on Interstate 71, in Ashland County, Ohio. Trooper Finsen, using a laser, detected appellant traveling at 69 miles per hour, a speed in excess of the speed limit.
The matter proceeded to a bench trial on June 26, 2001. The State presented the testimony of Trooper Finsen. Appellant presented no defense. After hearing the evidence, the trial court found appellant had violated R.C. 4511.21(D)(3) by traveling 69mph in a 55 mph zone. In a June 26, 2001 Judgment Entry, the trial court found appellant guilty and ordered him to pay a fine of $25 plus court costs.
It is from this judgment entry appellant prosecutes his appeal, assigning the following errors:
 I. THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT GUILTY OF OPERATING A MOTOR VEHICLE IN EXCESS OF POSTED SPEED LIMITS WHEN THE FOUNDATIONAL ELEMENTS OF THE MOTOR VEHICLE'S WEIGHT WERE NOT MET BY THE PROSECUTION.
 II. THE TRIAL COURT ERRED WHEN IT MAINTAINED JURISDICTION TO FIND A PERSON GUILTY WHEN IT WAS NOT ESTABLISHED THAT THE OFFENSE TOOK PLACE IN THE STATE OF OHIO AS WELL AS WHEN THE STATE FAILED TO PROPERTY IDENTIFY THE ACCUSED AT TRIAL THROUGH THEIR WITNESS.
 I
In appellant's first assignment of error, he maintains the trial court erred in finding him guilty of operating a motor vehicle in excess of the posted speed limits when the foundational elements of the motor vehicle's weight were not established by the prosecution. We disagree.
In State v. Jenks[1], the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Jenks, supra, at paragraph two of the syllabus.
When applying the aforementioned standard of review to the case subjudice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment.[2] Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.[3]
R.C. 4511.21 states, in relevant part:
 (D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
* * *
 (3) If a motor vehicle weighing in excess of eight thousand pounds empty weight or a noncommercial bus as prescribed in division (B)(10) of this section, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division;
Trooper Finsen testified he used a laser to check the speed of appellant's vehicle and found appellant was traveling at 69mph. Further, Trooper Finsen testified the registration for appellant's vehicle stated the vehicle weighed over 26,000 pounds. Trooper Finsen further testified that he could recognize, based upon his training and experience, appellant's vehicle weighed more than 8,000 pounds unloaded.
In light of this testimony, we find sufficient evidence was presented as to each and every element of the offense. Further we do not find the trial court lost its way in weighing the evidence, thereby creating a manifest miscarriage of justice.
Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court erred in taking jurisdiction over the case where the State failed to establish the offense took place in the State of Ohio, and failed to properly identify the accused at trial. We disagree.
On page 18 of the Transcript, Trooper Finsen identified appellant as the driver of the vehicle which he had detected to be traveling at an excess speed. Further, Trooper Finsen testified the offense took place in Ashland County, on Interstate 71 southbound. We find this testimony, along with the fact Trooper Finsen worked for the Ohio State Highway Patrol, was sufficient to establish the offense occurred in Ashland County, Ohio. Accordingly, appellant's second assignment of error is overruled.
The June 25, 2001 Judgment Entry of the Ashland County Municipal Court is affirmed.
By: Hoffman, P.J., Farmer, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Municipal Court is affirmed. Costs assessed to appellant.
[1] State v. Jenks (1981), 61 Ohio St.3d 259.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
[3] State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.